**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) | |
| v. | ) | No. 18-cv-2497 (KBJ) |
| DOUGLAS F. GREER, | ) | |
| Defendant. | ) | |

**MEMORANDUM OPINION ADOPTING**
**REPORT & RECOMMENDATION OF THE MAGISTRATE JUDGE**

Defendant Douglas Greer allegedly failed to pay the federal income taxes that he

owed for the 2007 tax year.  (*See* Compl., ECF No. 1, ¶ 6.)  Plaintiff, the United States of

America, filed the instant action against Greer on October 29, 2018, seeking to collect the

overdue tax liabilities (*see id.* at 1), which at that time amounted to $487,473.61 in income

taxes, statutory interest, and other penalties (*see id.* ¶ 6).  Because Greer did not timely

file an answer to the complaint, the United States moved for default judgment on May 9,

2019 (*see* Gov't Mot. for Default J., ECF No. 10), seeking a judgment in the amount of

$512,521.19, which represented Greer's updated tax liability taking into account accruing

statutory interests and penalties (*see id.* at 1).  The Court referred this matter to a

Magistrate Judge for a Report and Recommendation ("R&R") on the government's motion.

(*See* Min. Order of May 13, 2019.)

Before this Court at present is the R&R that the assigned Magistrate Judge, Robin

M. Meriweather, has filed regarding the government's motion for default judgment.  (*See*

Report and Recommendation, ECF No. 13.)[1]  The R&R reflects Magistrate Judge Meriweather's opinion that the government's motion should be granted, because Greer "is in default and the factual allegations in the complaint are legally sufficient to state a claim[.]"  (*See id.* at 6 (internal quotation marks and citation omitted)).  The R&R also recommends that judgment in favor of the United States be entered in the amount of $512,521.19, plus interest accrued between June 8, 2019, and the date of payment.  (*See id.* at 8.)

After concluding that the requirements of Federal Rule of Civil Procedure 55(b)(1) were not initially satisfied due to the government's failure to provide submissions that cite the relevant statutory provisions to calculate Greer's total tax liability (*see id.* at 4–5), Magistrate Judge Meriweather finds that the United States has nonetheless demonstrated that default judgment is warranted pursuant to Rule 55(b)(2).  (*See id.* at 6–7.)  As a threshold matter, Magistrate Judge Meriweather explains that the Clerk of Court "properly entered default against Mr. Greer because he failed to answer the Complaint or participate in this litigation in any manner" and, accordingly, "the allegations in the Complaint are deemed admitted."  (*Id.* at 6.)  Moreover, according to the Magistrate Judge, the complaint "allege[d] sufficient facts to establish the United States' claims against Mr. Greer[,]" and thus "the United States is entitled to default judgment as to liability."  (*Id.* (citing Compl. ¶¶ 5–10 (alleging that Greer owed, but failed to pay, federal income taxes for the 2007 tax year)).)

Next, Magistrate Judge Meriweather notes that, under Rule 55(b)(2), the Court must "make an independent determination of the sum to be awarded unless the amount of damages sought is certain" (*id.* (internal quotation marks and citation omitted)), and, here,

---

[1] The Report and Recommendation, which is 8 pages long, is attached hereto as Appendix A.

the liability amount is "certain" because: (1) "the prospective interest can be calculated by using the formula codified in 26 U.S.C. § 6621" (*id.* at 7); (2) the government's affidavit "provides sufficient evidence to corroborate the [amount[ claimed for unpaid taxes, interest, and penalties accrued" (*id.*); and (3) "Greer's tax records, which itemize the taxes owed and statutory penalties and interest, further support the United States' claim" (*id.*).

In addition to articulating these conclusions, Magistrate Judge Meriweather's R&R also advised the parties that either one of them may file written objections to the R&R's findings and recommendations (*id.* at 8), and it further admonished the parties that failure to file timely objections might result in waiver of further review of the matters addressed therein (*id.*).  Under this Court's local rules, any party who objects to an R&R filed by a Magistrate Judge must file a written objection with the Clerk of the Court within 14 days of the party's receipt of the R&R.  *See* LCvR 72.3(b).  The due date for objections to the Magistrate Judge's R&R in the instant case has passed, and none have been filed.

This Court has reviewed the R&R, and agrees with its legal analysis and conclusions.  Therefore, the Court will **ADOPT** the R&R in its entirety.  Accordingly, Plaintiff's Motion for Default Judgment will be **GRANTED**, and a judgment of default in the amount of $512,521.19 plus any interest accrued between June 8, 2019, and the date of payment will be entered in Plaintiff's favor.

A separate Order accompanies this Memorandum Opinion.

DATE:  September 30, 2020

*Ketanji Brown Jackson*
KETANJI BROWN JACKSON
United States District Judge

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| | ) |
| v. | ) Civil No. 18-02497 (KBJ) |
| | ) |
| DOUGLAS F. GREER, | ) |
| | ) |
| Defendant. | ) |
| | ) |

**REPORT AND RECOMMENDATION**

This case arises from Defendant Douglas Greer's alleged failure to pay federal income taxes owed for the 2007 tax year. *See* Compl., ECF No. 1. Plaintiff, the United States of America, has moved for default judgment against Mr. Greer, and that motion is currently pending before the Court. Mr. Greer has neither timely filed an answer to the United States' Complaint nor responded to the Motion for Default Judgment. *See* 04/22/2019 Min. Entry. Indeed, he has wholly failed to participate in these proceedings. Having reviewed the relevant pleadings and applicable law, the undersigned recommends that the Court GRANT the United States' Motion for Default Judgment, enter judgment in favor of the United States, and award the United States $512,521.19, plus interest accrued between June 8, 2019 and the date of payment.

**BACKGROUND**[1]

On October 28, 2018, the United States filed a Complaint against Douglas Greer for failing to pay federal income taxes owed for the 2007 tax year. *See* Compl. ¶ 10, ECF No. 1. When the United States filed its Complaint, Mr. Greer owed $487,473.61 which included taxes

---

[1] The Court presumes the truth of the Complaint's allegations, because Mr. Greer is in default. *See Robinson v. Ergo Solutions, LLC*, 4 F. Supp. 3d 171, 178 (D.D.C. 2014).

owed, statutory interest, and other penalties.  *Id.* ¶ 6 & n.1.  The United States alleged that statutory additions had accrued on the unpaid balance and would continue to accrue.  *Id.*  ¶ 8. The United States has since clarified that the "statutory additions" accruing after June 8, 2019 consist of interest calculated pursuant to 26 U.S.C. § 6601.  *See* Supp. U.S.'s Mot. Default. J., ECF No. 12.  That "interest rate is calculated and readjusts pursuant to 26 U.S.C. § 6621" and "penalties [were assessed] pursuant to 26 U.S.C. § 6651."  *Id.*; *see* Mot. Default J., Decl. Robin Tate, ECF No. 10–1 ("Tate Decl.").

Due to a federal government shut-down, Mr. Greer was not served with the Summons and Complaint until February 25, 2019.[2]  *See* Mot. Compliance Order Extension Time Serve Process, ECF. No. 6.  On that date, the United States served Mr. Greer, through a process server, by leaving a copy of the Summons with Mr. Greer at his residence and mailing a copy to Mr. Greer's last known address.  *See* ECF No. 5; Fed. R. Civ. P. 4(e)(2) (authorizing service by personally delivery to a person or leaving a copy at a person's home with a person of suitable age).

Mr. Greer missed the March 18, 2019 deadline to answer the Complaint.  *See* 04/22/2019 Min. Entry.  On April 22, 2019, the Court issued a Minute Order ordering the United States to show cause why its case should not be dismissed for its failure to prosecute.  *See* 4/22/2019 Min. Entry.  In its response to that order, the United States sought and obtained an entry of default and moved for default judgment.  *See* Resp. Order Show Cause, ECF No. 11.

The Clerk of Court entered default for the United States on May 7, 2019.  *See* Entry Default, ECF No. 9.  On May 9, 2019, the United States filed a Motion for Default Judgment

---

[2] The Government sought and received an extension of time to serve process.  *See* 3/18/2019 Min. Entry.

pursuant to Rule 55(b)(1). ECF No. 10.  In the Motion for Default Judgment, the United States

explained that as of June 8, 2019, Mr. Greer owed $512,521.19.  *See* Mem. Supp. U.S.'s Mot.

Default J. ¶ 2.  The United States submitted the Declaration of Robin Tate, an employee of the

Collection Division of the Internal Revenue Service, to substantiate its claim regarding the

amount owed.  *See* Tate Decl.  Ms. Tate's declaration included a chart summarizing the taxes

and interest that Mr. Greer owes and itemized the underlying unpaid taxes, penalties, and

interest.  *See id.* ¶ 4; *id.* Ex. A.  The case was subsequently referred to the undersigned for a

Report and Recommendation on the pending Motion.  *See* 05/13/2019 Min. Entry.

## LEGAL STANDARD

A party may seek default judgment under Federal Rule of Civil Procedure 55 if the

opposing party has failed to defend its case.  Fed. R. Civ. P. 55; *Teamsters Local 639-Employers

Health Tr. v. Boiler & Furnace Cleaners, Inc.*, 571 F. Supp. 2d 101, 106 (D.D.C. 2008).  "While

courts do not favor default judgments and will only resolve cases in this manner when the

adversary process has been halted because of an essentially unresponsive party, the diligent party

must be protected lest he be faced with interminable delay and continued uncertainty as to his

rights."  *Teamsters Local 639-Employers Health Tr.*, 571 F. Supp. 2d at 107 (internal quotations

omitted); *see also J.D. Holdings, LLC v. BD Ventures, LLC*, 766 F. Supp. 2d 109, 113 (D.D.C.

2011).

Rule 55 establishes a two-step procedure that a plaintiff must follow to obtain default

judgment.  First, the plaintiff must ask the Clerk of Court to enter default based on a party's

failure "to plead or otherwise defend" in response to the complaint.  Fed. R. Civ. P. 55(a).  Upon

entry of default, the defaulting defendant is deemed to admit every well-pleaded allegation in the

complaint."  *United States v. Bentley*, 756 F. Supp. 2d 1, 3 (D.D.C. 2010) (internal citations

omitted); *see also Robinson v. Ergo Solutions, LLC*, 4 F. Supp. 3d 171, 178 (D.D.C. 2014).

Second, after the Clerk has entered default, the plaintiff must file a motion for default judgment.

If the moving party seeks "a sum certain or a sum that can be made certain by computation,"

against a defendant who is neither a minor nor incompetent, and the supporting documentation is

sufficiently clear to make the entry of default judgment "purely a ministerial act," the party may

ask the Clerk of Court to enter default judgment under Rule 55(b)(1). *GAG Enters., Inc. v.*

*Rayford*, 312 F.R.D. 230, 233 (D.D.C. 2015)*; see also Combs v. Coal & Mineral Mgmt. Serv.s,*

*Inc.*, 105 F.R.D. 472, 474–75 (D.D.C. 1984); Fed. R. Civ. P. 55(b)(1).  In all other

circumstances, the moving party must ask the court to enter default judgment pursuant to Rule

55(b)(2).  *See GAG Enters.*, 312 F.R.D. at 233.  "The determination of whether default judgment

is appropriate [under Rule 55(b)(2)] is committed to the discretion of the trial court."  *Int'l*

*Painters & Allied Trades Indus. Pension Fund v. Auxier Drywall, LLC*, 531 F. Supp. 2d 56, 57

(D.D.C. 2008) (citing *Jackson v. Beech*, 636 F.2d 831, 836 (D.C. Cir. 1980)).

## DISCUSSION

### I.    The United States' Pleading and Motion Are Not Sufficiently Clear To Permit the Clerk of Court To Enter Default Judgment Pursuant to Rule 55(b)(1)

As noted, Rule 55(b)(1) requires the Clerk of Court to enter default judgment if a

plaintiff: (1) has obtained an entry of default against a defendant who is neither a minor nor

incompetent; (2) seeks a "sum certain" or one that can readily be calculated with certainty; and

(3) submits supporting documentation that makes the entry of default "purely a ministerial act."

*GAG Enters.*, 312 F.R.D. at 33.  The United States' Motion and supporting documentation only

partially satisfy those requirements.  The United States obtained default against Mr. Greer.  In its

application to the clerk, the United States included an affidavit stating that "Douglas F. Greer is

not an infant or incompetent." Appl. Clerk Enter Default, Decl. Michael Martineau, ECF No. 8-1. The United States characterizes the unpaid taxes and interest sought in the Complaint as a "sum certain," and has itemized and calculated the previously accrued taxes, interest, and penalties in the Motion and the Tate declaration. *See* Mot. at 1; Tate Decl.

Unpaid taxes, statutory penalties, and interest may qualify as a sum certain, because they can be calculated by using formulas set forth in provisions of the tax code. *See Combs v. Coal & Mineral Management Services, Inc.*, 105 F.R.D. 472, 473 (D.D.C. 1984) (listing unpaid tax assessment as example of sum certain and concluding damages and interest that can be calculated using formulas codified in ERISA statute and were supported by affidavit demonstrating those calculations qualified as a sum certain); *United States v. Estate of Powell*, 2014 WL 1572475, *2 (M.D. Ga. 2014) (concluding amount United States sought for unpaid taxes including fees statutory interest and penalties was a sum certain and directing clerk to enter default judgment under Rule 55(b)(1)); *Cf. United States v. Myers*, 236 F. Supp. 3d 702, 710 (E.D.N.Y. 2017) (entering default judgment under Rule 55(b)(2) and explaining how interest and statutory accruals on unpaid taxes should be calculated). However, the United States did not cite the relevant statutory provisions in its Complaint, the Motion, or the Tate Declaration, thereby preventing the Clerk from making that calculation for the requested prospective interest accrued after June 2019. *See* Compl. ¶ 6 (referencing but failing to define "statutory additions" that would accrue after June 2019). The United States has since clarified, in a supplemental filing, that the "statutory additions refers to … the statutory interest on the Defendant's unpaid federal income tax liability for 2007 pursuant to 26 U.S.C. Section 6601." Supp. U.S.'s Mot. Default. J., ECF No. 12. The interest rate is calculated pursuant to 26 U.S.C. § 6621. *Id.* Nonetheless, the United States' initial submissions lacked the clarity and specificity that would make the entry of

default judgment a purely "ministerial task," thereby prohibiting the Clerk from entering default judgment under Rule 55(b)(1).  *See GAG Enterps.*, 312 F.R.D. at 233 (finding Clerk could not enter Rule 55(b)(1) default judgment for miscellaneous fees in overdue rent calculation that were not itemized or laid out in an organized fashion).

## II.    The United States Has Demonstrated That Default Judgment Is Warranted Pursuant To Rule 55(b)(2)

Courts may enter default judgment under Rule 55(b)(2) if the defendant is in default and the factual allegations in the complaint are legally sufficient to state a claim.  *See Saint-Jean v. D.C. Pub. Sch. Div. of Transp.*, 815 F. Supp. 2d 1, 3 (D.D.C. 2011).  Here, the Clerk properly entered default against Mr. Greer because he failed to answer the Complaint or participate in this litigation in any manner.  Consequently, the allegations in the Complaint are deemed admitted. *See Robinson*, 4 F. Supp. 3d at 78.  The Complaint alleges sufficient facts to establish the United States' claims against Mr. Greer.  *See* Compl. ¶¶ 5-10 (alleging that Mr. Greer owed but failed to pay taxes for the 2007 tax year).  Therefore, the United States is entitled to default judgment as to liability.  *See Boland v. Elite Terrazzo Flooring, Inc.*, 763 F. Supp. 2d 64, 67 (D.D.C. 2011) ("Default establishes a defaulting party's liability for the well-pleaded allegations of the complaint").

After establishing that a defaulting defendant is liable, the Court must determine the appropriate damages.  The Court must "make an independent determination of the sum to be awarded unless the amount of damages sought is certain."  *Boland*, 763 F. Supp. 2d at 67 (quoting *Adkins v. Teseo*, 180 F. Supp. 2d 15, 17 (D.D.C. 2001).  The Court may base that finding on evidence introduced at an evidentiary hearing or rely on documents and affidavits submitted by the parties.  *See* Fed. R. Civ. P. 55(b)(2); *Friends Christian High Sch. v. Geneva*

*Fin. Consultants*, 321 F.R.D. 20, 22 (D.D.C. 2017) (quoting *Flynn v. Mastro Masonry Contractors*, 237 F. Supp. 2d 66, 69 (D.D.C. 2002)).

The United States has demonstrated that it should be awarded the damages it requests. The unpaid year 2007 taxes, plus past penalties and past and prospective interest, are a "certain" amount because the past penalties, interest, and taxes are known and the prospective interest can be calculated by using the formula codified in 26 U.S.C. § 6621. Supp. U.S.'s Mot. Default. J., ECF No. 12; *see Boland v. Hetrick,* 277 F. Supp. 3d 112, 118 (D.D.C. 2017) (concluding unpaid ERISA contributions interest and liquidated damages under contract are a 'sum certain' for calculating default judgment damages).  The Tate Declaration provides sufficient evidence to corroborate the $512,521.19 claimed for unpaid taxes, interest, and penalties accrued through June 8, 2019.  Mr. Greer's tax records, which itemize the taxes owed and statutory penalties and interest, further support the United States' claim.  *See* Mot. Default J., ECF No. 10-1.  The United States' supplemental filing, and the statutory provisions cited therein, establish that Mr. Greer also owes additional interest accruing from June 8, 2019 until the date of payment. Therefore, the undersigned recommends that the Court award default judgment of $512,521.19, plus interest accrued after June 8, 2019, to the United States.  *See Bentley*, 756 F. Supp. 2d at 3 (entering default judgment for unpaid taxes and statutory interest accruing prospectively based on evidence in declaration by an IRS worker).

## RECOMMENDATION

For the foregoing reasons, the undersigned recommends that the Court, pursuant to

Federal Rule of Civil Procedure 55(b)(2), enter default judgment in favor of the United States,

and against Defendant Douglas Greer, in the amount of $512,521.19, plus any interest accrued

between June 8, 2019 and the date of payment. *See* 26 U.S.C. § 6601(a).  Pursuant to 26 U.S.C. §

6621(a)-(b), the interest rate shall be calculated at the sum of the federal short-term rate[3] plus

three (3) percentage points.  Pursuant to 26 U.S.C. § 6622(a), interest shall be compounded daily.

## REVIEW BY THE DISTRICT COURT

The parties are hereby advised that under Local Rule 72.3(b) of the United States District

Court for the District of Columbia, any party who objects to the Report and Recommendation

must file a written objection thereto with the Clerk of this Court within 14 days of the party's

receipt of this Report and Recommendation.  The written objections must specifically identify

the portion of the report and/or recommendation to which objection is made, and the basis for

such objections.  The parties are further advised that failure to file timely objections to the

findings and recommendations set forth in this report may waive their right of appeal from an

order of the District Court that adopts such findings and recommendation.  *See Thomas v. Arn*,

474 U.S. 140 (1985).


Dated:   February 28, 2020

                                                ROBIN M. MERIWEATHER
                                                UNITED STATES MAGISTRATE JUDGE

---

[3] Federal rates dating back to January 2000 can be found on the IRS website.  Index of Applicable Federal Rates (AFR) Rulings, https://apps.irs.gov/app/picklist/list/federalRates.html.